Parker C. J.
delivered the opinion of the Court. The question presented on this certiorari is, whether the adjudication of the Court of Sessions is authorized, in the form in which it passed, by the statute of 1786, c. 67 ; the 4th sec- > tion of which statute provides, “ that when a new highway or common road from town to town or place to place shall be wanting &c., upon application made to the Court of General Sessions of the Peace &c., and it being determined by them to be of common convenience or necessity to have such new way laid out &c., the said court are hereby authorized and empowered,” &c.
Application having been made in proper form for the road in question, and the Court of Sessions having appointed a committee to view and examine the place proposed for the road, which committee reported in favor of the petitioner, the Court of Sessions proceeded to adjudicate thereon in manne following, viz. “ It appears,” &c. [as before].
The question for us to decide is, whether this is such ait adjudication as is required by the statute above cited, to justify the laying out of the road. And we are all of opinion that it is not; that no power is given to the Court of Sessions to make a conditional adjudication ; nor have they a right to establish a road which the common convenience or necessity does not call for, although the town through which it passes shall be wholly free from the expense of making it. We are to understand from the terms of the adjudication, that certain persons who would travel in the new road, and a Mr.- Sawin, who probably owns land through or to which it would pass, would be particularly accommodated ; and yet, taking into consideration the expense which would fall upon the town of Natick, the Court cannot say that the road is of public convenience or necessity; but yet, if that town can be partially indemnified, then the road is of public convenience or necessity. But we do not find in the statute any authority to make a compromise of this sort, against the will of either of the litigating parties, nor any mode by which the Court is to ascertain how great a proportion of the expense shall be borne *583 by those who apply for the road, or those who oppose it. The town is not to be burdened with any expense, unless the public exigencies demand it, and then they are to bear all, unless there is a bargain between them and those who prayed for the road, and others who have a legal interest in the road, for or against it, the effect of which may be to prevent any opposition. But the court cannot make such bargain the oasis of their adjudication, they being required ,to settle the question in a public view, and not to make arrangements for the benefit of individuals. Neither is it to be considered, that the petitioners for a road and the inhabitants of the town through which it may pass, are the only persons whose interests are to be regarded in an adjudication. Every citizen through whose land the road may pass, and who therefore may be subjected to the inconvenience of having his farm, house lot or garden spot taken from him for this purpose, has a right to require that he be not disturbed in these enjoyments, except the public common convenience or necessity require it. It is true he may be compensated in money for his loss of the pecuniary value of his property ; but by the principles of our government, no man’s property can be taken from him, even if he is paid for it, without his consent, except it is actually wanted for public use. It often happens that there is a value, in the owner’s eye, of particular spots of ground, which no compensation in money will be deemed an equivalent for. Where the public necessity or convenience demands, he must surrender his favorite field or flower-garden for its value in other men’s eyes, but until then he has a right to cherish his prejudices, and even his whims, in relation to his property. So that even if the town and the individuals who want a road through it should concur in this application to the Court of Sessions, he ought not to be disturbed, unless it can be honestly adjudged that the public interest demands the sacrifice. We do not decide that a bond of this kind, entered into by an individual for the ease of the inhabitants of a town, or to induce them to withhold opposition to a road prayed for, is illegal ; but only say that such a bargain should not be the basis of an adjudication in favor of a *584 road.[1] A similar question came before the Court incidentally in the case of Commonwealth v. Cambridge, 7 Mass. R. 166 ; and the opinion of the Court was explicitly given, that such a proceeding was irregular, and the reasons there given are too forcible to be shaken, or to need repeating. The statute provides a mode for the laying out of a road which the public convenience does not demand, but which may be useful to individuals ; so that no citizen can suffer from having his lands shut up from the common highways.
The proceedings of the Court of Sessions must be quashed.

 See Dudley v Cilley, 5 N. Hamp. R. 558.